**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

**IN RE: JOSEPH LEE BAER**　　　　　　　　　　　　　　　　　　　　**CASE NO.10-21096**

**DEBTOR**

**JOSEPH LEE BAER**　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**V.**　　　　　　　　　　　　　　　　　　　　　**ADVERSARY CASE NO. 10-2062**

**HSBC AUTO**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

**MEMORANDUM OPINION**

This matter having come before the Court on the Defendant's Motion for Summary Judgment [Doc. 41], the Defendant having waived oral argument on the Motion [Doc. 49] after the *pro se* Plaintiff failed to respond, and the Court having considered the arguments of counsel and being otherwise sufficiently advised, finds as follows:

**Facts**

The following facts are not in dispute.  On or about April 10, 2008, the Plaintiff entered into a Retail Installment Sales Contract for the purchase of a 2009 Toyota Camry, VIN #4T1BE46F09UB805735 (the "Vehicle") from Lakeside Toyota of Metairie, Louisiana.  The Defendant's lien was thereafter noted on the certificate of title in the state of Louisiana on May 21, 2008.  The Plaintiff filed for Chapter 7 relief on April 21, 2010.  That same day, the Plaintiff filed his Statement of Intention indicating that he intended to reaffirm the debt owed to the Defendant.  The Statement of Intention did not indicate the Plaintiff's intention to reaffirm such debt on the original contract terms.

1

No reaffirmation agreement was ever executed or signed.  Instead, on April 26, 2010, the Plaintiff filed a Motion to Redeem the Vehicle [Doc. 8].  The Plaintiff's motion was granted on May 17, 2010 [Doc. 12].  The order granting the Motion to Redeem gave the Plaintiff 45 days to pay the redemption amount of $14,000 to the Defendant or surrender the Vehicle.  The order did not contain a provision modifying the stay (11 U.S.C. §362) in the event the Plaintiff failed to perform pursuant to the terms of the order.  Despite the order, the Plaintiff did not pay the redemption amount or surrender the vehicle.

The Plaintiff's Order of Discharge was entered on October 20, 2010.  The Defendant repossessed the Plaintiff's Vehicle on November 3, 2010.  The Trustee filed a Report of No Distribution [Doc. 44]; however, the Plaintiff's bankruptcy case remains open.

The *pro se* Plaintiff filed this adversary proceeding on November 19, 2010, seeking damages and other relief based on the Defendant's repossession of the Plaintiff's Vehicle.  The Defendant[1] has moved for summary judgment on two grounds:  (1) it did not violate the automatic stay imposed by 11 U.S.C. §362 and (2) it did not violation the discharge injunction imposed by 11 U.S.C. §524.

## Analysis

This court has jurisdiction pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.   Venue is appropriate pursuant to 28 U.S.C. §1408.

The Defendant argues that the Plaintiff's failure to pay the redemption amount of $14,000 or surrender the vehicle within 45 days of the order granting the Motion to Redeem terminated the automatic stay and the Vehicle is no longer the property of the estate pursuant to §362(h).  Section 362(h) states, in relevant part:

    (1)    In a case in which the Plaintiff is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the Plaintiff securing in whole or in party a claim, or subject to an unexpired lease, and such

---

[1] HSBC Auto is the agent and attorney-in-fact for Santander Consumer USA, Inc.

personal property shall no longer be property of the estate if the Plaintiff fails within the applicable time set by section 521(a)(2)—

(A)  to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the Plaintiff will either surrender such personal property or retain it, and if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c), applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B)  to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the Plaintiff's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation of such terms.

Section 362(h)(1) must be read in conformity with §521(a)(2), which requires, in relevant part:

(a)  The Plaintiff shall

   …

(2)  if an individual Plaintiff's schedule of assets and liabilities includes debts which are secured by property of the estate—

(A)  within thirty days after the date of filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the Plaintiff shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the Plaintiff intends to redeem such property, or that the Plaintiff intends to reaffirm debts secured by such property;

(B)  within 30 days after the first date set for the meeting of creditors under section 341(a) or within such additional time as the court, for cause, within such 30-day period fixes, the Plaintiff shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C)  nothing in subparagraphs (A) and (B) of this paragraph shall alter the Plaintiff's or the trustee's rights with regard to such property under this title, except as provided in section 362(h).

Sections 362(h)(1) and 521(a)(2), when read together, require the Plaintiff to (1) file a statement of intention indicating an intent to surrender, reaffirm, or redeem and (2) to perform this intention within at least thirty days after the date set for the first meeting of creditors. If the Plaintiff fails to do either of these tasks within the time frame required, the stay automatically terminates.

The Defendant does not dispute that the Plaintiff filed a statement of intention to reaffirm the debt owed to the Defendant within the applicable time period. But the Defendant argues that when the Plaintiff did not execute or file a reaffirmation agreement within thirty days of the date set for the first meeting of creditors, then the Plaintiff failed to comply with §521(a)(2)(B) and §362(h)(1)(B) and the automatic stay terminated, allowing the Defendant to repossess the Vehicle without running afoul of §362.

While it is true that the Plaintiff did not file a reaffirmation agreement to reaffirm the debt as stated in his original Statement of Intention, he did move to redeem the Vehicle on April 26, 2010, prior to the date set for the first meeting of creditors, or June 16, 2010, and such motion was ultimately granted by the Court on May 17, 2010. This motion to redeem and subsequent order granting the motion amended his original Statement of Intention within the time period prescribed, an action that is allowed according to the plain language of §362(h)(1)(B). *See* 11 U.S.C. §362(h)(1)(B) ("…as it may be amended before expiration of the period for taking action…"). Moreover, by making a motion to redeem the vehicle, the Plaintiff took steps as to redeem the vehicle sufficient to satisfy the requirements in §521(a)(2)(B) and §362(h)(1)(B). *See In re Molnar*, 2010 WL 5136038, *4-7 (Bankr. N.D. Ill. Dec. 15, 2010) (holding a *pro se* debtor timely performed his stated intent to redeem a motor vehicle by making honest and repeated attempts to discuss redemption with the creditor and then filing a motion to redeem); *In re Price*, 370 F.3d 362, 372 (3d Cir. 2004) (holding debtors are not required to "entirely consummate their stated intention within" the time frame allowed; rather, all that is required is to

4

"take steps to act on an intention either to retain or surrender" the property); *In re Hinson*, 352 B.R. 48 (Bankr. E.D. N.C. 2006) (same).  Because the Plaintiff timely filed his Statement of Intention to reaffirm the debt, then amended his Statement of Intention by filing a motion to redeem the Vehicle, which was granted, all within the time frame set forth in §362(h)(1) and §521(a)(2), the Plaintiff performed his required obligations to prevent the automatic stay from terminating pursuant to §362(h)(1).

According to §362(c), unless relief is granted earlier by the court, the stay of an act against property of the estate expires when property is no longer property of the estate.  *See* 11 U.S.C. §362(c).  The Defendant never filed a motion to modify the stay.  There is no order modifying the stay as to the Vehicle and, as concluded above, the stay did not terminate by operation of §362(h).  The Plaintiff's bankruptcy case remains open.  The Trustee has not abandoned the Vehicle as property of the estate pursuant to §554 and the Trustee's "Report of No Distribution" does not constitute abandonment.  *See In re Reed*, 940 F.2d 1317 (9th Cir. 1991). Therefore, the automatic stay remains in effect as to the Vehicle and the Defendant is not entitled to summary judgment on the Plaintiff's claim for violation of the automatic stay.

Finally, because the Court finds that the Defendant is not entitled to summary judgment on the Plaintiff's claim for violation of the automatic stay, it is unnecessary for this Court to address the Defendant's argument that it did not violate the discharge injunction.  For this reason, the Defendant's Motion for Summary Judgment shall be denied.

### Conclusion

The foregoing constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered accordingly.

Copies To:

Elizabeth Alphin, Esq.

Joseph Lee Baer, *pro se*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Thursday, May 12, 2011
(tnw)**