UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE: JOSEPH LEE BAER                                    CASE NO.10-21096

DEBTOR

JOSEPH LEE BAER                                            PLAINTIFF

V.                                          ADVERSARY CASE NO. 10-2062

HSBC AUTO a/k/a SANTANDER USA                           DEFENDANT
CONSUMER USA

**MEMORANDUM OPINION**

The *pro se* Plaintiff Debtor filed this adversary proceeding seeking actual and punitive damages and the return of a 2009 Toyota Camry (the "Vehicle") based the Defendant's[1] repossession of the Plaintiff's Vehicle that allegedly (1) violated an oral agreement between the parties whereby the Defendant accepted payments from the Plaintiff despite the Plaintiff's failure to comply with an Order granting a Motion to Redeem; (2) willfully violated the automatic stay pursuant to 11 U.S.C. §362(k); and (3) violated the discharge injunction pursuant to 11 U.S.C. §524.  After weighing the evidence and considering the testimony presented at trial, the Court holds that (1) the alleged oral agreement is unenforceable; (2) the Defendant willfully violated the automatic stay when it repossessed the Vehicle; and (3) the repossession is not a violation of the discharge injunction.

---

[1] Santander Consumer USA, Inc. is HSBC Auto's agent and attorney-in-fact by virtue of a Power of Attorney executed by HSBC Auto.

**Background**

The Plaintiff, acting *pro se*, filed this adversary proceeding on November 19, 2010. The Defendant moved for summary judgment on April 25, 2011, arguing that the automatic stay terminated by operation of law pursuant to 11 U.S.C. §362(h)(1)(B) when the Plaintiff did not execute or file a reaffirmation agreement for the Vehicle within thirty days of the date set for the first meeting of creditors. On May 12, 2011, this Court issued a Memorandum Opinion holding the automatic stay did not terminate because the Plaintiff timely performed his required obligations pursuant to §362(h)(1) by filing a Motion to Redeem within the statutory period. Certain undisputed facts were set forth in that opinion and, due to their brevity, are reiterated herein.

On or about April 10, 2008, the Plaintiff entered into a Retail Installment Sales Contract for the purchase of the Vehicle from Lakeside Toyota of Metairie, Louisiana. The Defendant's lien was thereafter noted on the certificate of title in the state of Louisiana on May 21, 2008. The Plaintiff, represented by counsel, filed for Chapter 7 relief on April 21, 2010. That same day, the Plaintiff filed his Statement of Intention indicating his intent to reaffirm the debt owed to the Defendant. The Statement of Intention did not indicate the Plaintiff's intention to reaffirm such debt on the original contract terms.

No reaffirmation agreement was ever executed or signed. Instead, on April 26, 2010, the Plaintiff filed a Motion to Redeem the Vehicle. The Plaintiff's Motion was granted on May 17, 2010. The Order granting the Motion to Redeem gave the Plaintiff forty-five days to pay the redemption amount of $14,000 to the Defendant or surrender the Vehicle. The Order did not contain a provision modifying the stay in the event the Plaintiff failed to perform pursuant to the terms of the Order. Despite the Order, the Plaintiff did not pay the redemption amount or surrender the Vehicle.

The Plaintiff's Order of Discharge was entered on October 20, 2010. The Defendant repossessed the Plaintiff's Vehicle on November 3, 2010. The Trustee filed a Report of No Distribution on November 8, 2010; however, at the time of the repossession, the Plaintiff's bankruptcy case remained opened, the Vehicle had not been abandoned and the Court concluded that the Defendant had violated the automatic stay.

A trial was conducted on July 28, 2011 on the narrow issues of (1) whether the Defendant's violation of the stay was willful within the meaning of §362(k); and if so, whether damages, actual and/or punitive, should be awarded; (2) whether the oral agreement that Plaintiff asserted existed should be enforced and the Defendant ordered to return the Vehicle to the Plaintiff; and (3) whether the repossession violated the discharge injunction. Only the Plaintiff and his domestic partner, Anthony Wiley, testified. The Defendant presented no witnesses.

**Additional Findings of Fact**

The Court makes the following additional findings of fact based on the evidence presented at trial. The Plaintiff testified that the Motion to Redeem was filed without his consent by his attorney and shortly thereafter his counsel withdrew from the case, leaving the Plaintiff *pro se*. The *pro se* Plaintiff then contacted the Defendant and apparently reached an oral agreement with the Defendant as to the payments on the Vehicle (the "Agreement").

The concise terms of this Agreement were not reduced to writing, not filed in the record and are not clear. The Plaintiff testified the Agreement was reached to allow him to re-establish a payment plan that would bring the payments up to date and eventually pay off the Vehicle, despite his failure to comply with the Order granting the Motion to Redeem. The Defendant presented no evidence countering the Plaintiff's description of the Agreement.[2] This

---

[2] In fact, counsel for the Defendant has admitted in prior hearings that that it had discussions with the Plaintiff about payments following the period for redemption and some payments were made.

3

notwithstanding, neither the Plaintiff nor the Defendant testified as to the precise terms of the arrangement.  The Plaintiff did testify that he requested that the Defendant file the Agreement with the Court, but no such agreement was filed.

The Plaintiff's account history, set forth in a defense exhibit admitted into evidence at trial, indicates the Defendant accepted payments following the forty-five day period set by the Order granting the Motion to Redeem in the following amounts: (1) $4,251.00 on July 10, 2010; (2) $1,154.00 on August 15, 2010; and (3) $2,175.00 on September 30, 2010.  According to the account history, as of September 30, 2010, the principal balance on the Vehicle was $15,977.68.  The account history also reflects no further payments were posted to the Plaintiff's account following that date.

The repossession of the Vehicle occurred in the early morning of November 3, 2011.  The Plaintiff's domestic partner, Mr. Wiley, was present and spoke to the Defendant's agents charged with repossessing the Vehicle.  Mr. Wiley testified he informed them of the pending bankruptcy, but to no avail.

## Conclusions of Law

This court has jurisdiction pursuant to 28 U.S.C. §1334 and this is a core proceeding under 28 U.S.C. §157.   Venue is appropriate pursuant to 28 U.S.C. §1409.

**A.    The Agreement**

The Plaintiff alleges that the Defendant violated their Agreement when it repossessed the Vehicle despite receiving payments by the Plaintiff.  The Plaintiff asks this Court to enforce the Agreement by returning the Vehicle to the Plaintiff.

The evidence shows an oral agreement whereby the Defendant accepted payments from the Plaintiff,  despite the Plaintiff's failure to comply with the Order granting the Motion to Redeem.  Even so, the terms of the Agreement are unclear.  There is no evidence of the amount of payments due, when they are due, or what actions shall be taken should the Plaintiff

default.  To be legally enforceable, an agreement must contain definite and certain terms setting forth promises of performance to be rendered by each party.  *See Kovacs v. Freeman,* 957 S.W.2d 251, 254 (Ky. 1997); *see also Auto Channel Inc. v. Speedvision Network LLC*, 144 F. Supp. 2d 784, 790 (W.D. Ky. 2001) ("In Kentucky, Plaintiffs must show that an actual agreement existed between the parties with clear and convincing evidence. *Industrial Equip. Co. v. Emerson Elec. Co.*, 554 F.2d 276, 288 (6th Cir. 1997).  While the agreement need not cover every conceivable term of the relationship, it must set forth the 'essential terms' of the deal.")  The terms of the Agreement are so vague that the Court cannot enforce it.

Moreover, even had the terms of the Agreement been proven, it cannot be enforced.  Section 524 requires a series of conditions which must be met in order for an agreement regarding a pre-bankruptcy dischargeable debt to be enforceable. *See* 11 U.S.C. §524(c), (d), (k).  The mere fact that the Plaintiff requested the Defendant to file the Agreement does not eviscerate the requirements of §524 and none of these requirements were met by the parties.

**B.    Violation of the Automatic Stay**

The Plaintiff alleges that the Defendant willfully violated the automatic stay when it repossessed the Defendant's Vehicle on November 3, 2010, and he is therefore entitled to actual and punitive damages and return of the Vehicle pursuant to §362(k).  11 U.S.C. §362(a) states, in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title…, operates as a stay, applicable to all entities, of-
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> ....

> (3) any act to obtain possession of property of the estate of property from the estate or to exercise control over property of the estate;

11 U.S.C. §362(a). A creditor who willfully violates the stay under §362(a) may recover damages pursuant to §362(k). Section 362(k) provides:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. §362(k).

A debtor asserting that a creditor has willfully violated the automatic stay bears the burden of proving the intentional stay violation. *See TranSouth Financial Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 687 (6th Cir. BAP 1999). To prevail, a debtor must prove (1) the actions taken violated the automatic stay; (2) the violator knew of the existence of the stay; and (3) the violator's actions were willful. *See Young v. Repine (In re Repine)*, 536 F.3d 512, 519 (5th Cir. 2008) (*citing In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005)).

The Court previously held in denying the Defendant's Motion for Summary Judgment that the repossession of the Vehicle violated the automatic stay because the Vehicle remained property of the estate at the time of the repossession. Further, there is no dispute that the Defendant knew of the Plaintiff's bankruptcy filing. Such knowledge equates to knowledge of the existence of the stay. *See, e.g., In re Ozenne*, 337 B.R. 214, 220 (9th Cir. B.A.P. 2006). Thus, the only remaining question is whether this repossession was willful.

A "willful violation" does not require proof of a specific intent to violate the stay, but rather "an intentional violation by a party aware of the bankruptcy filing." *In re Sharon,* 234 B.R. at 687. The evidence shows that the Defendant's agents were told of the bankruptcy at the time of repossession – the Defendant does not dispute this evidence. Instead, the Defendant steadfastly maintains that the stay terminated by operation of law pursuant to §362(h)(1)(B)

6

prior to the repossession and thus the repossession was not in violation of the stay. The Defendant argues that even if the stay did not terminate by operation of law as previously ruled, the Defendant acted in good faith in believing that the stay had terminated.

The Defendant's belief that the stay terminated, even if made in good faith, is not to be considered in determining the willfulness of a stay violation; the sole question is whether the creditor, having knowledge of the automatic stay, acted intentionally. *In re Sharon*, 234 B.R. at 687-88; *see also McCool v. Beneficial (In re McCool)*, 446 B.R. 819, 823 (Bankr. N.D. Ohio 2010) ("[T]he question is simply whether, having knowledge of the stay or discharge injunction, the creditor's actions were intentional. Consequently, a willful violation of the automatic stay or discharge injunction may still exist even though the creditor believed in good faith that its actions were lawful."); *In re Johnson*, 253 B.R. 857, 860 (Bankr. S.D. Ohio 2000) (holding a party may be found to have "willfully" violated the stay even though it had no specific intent to violate the stay or acted in good faith based upon mistake of law or legal dispute as to its rights). The Defendant intended to repossess the Vehicle despite its knowledge of the Plaintiff's bankruptcy; it has therefore willfully violated the stay.

Although the Court finds that the Defendant willfully violated the stay, the Plaintiff is not entitled to an award of damages. An individual injured by a willful violation of the automatic stay is entitled to recover actual damages, including costs and attorney fees, and in appropriate circumstances, punitive damages. 11 U.S.C. §362(k). That said, the Plaintiff has offered insufficient proof of the damages he claims he has suffered.

The *pro se* Plaintiff has no attorneys' fees to recover. Rather, the Plaintiff's damages are allegedly expenses incurred by use of alternative transportation and costs incurred over the course of this litigation. For damages related to use of alternative transportation, the Plaintiff failed to quantify his damage claim and merely supported his claim with general testimony regarding the inconvenience the loss of the Vehicle caused his household. Proof of damages

for the use of alternate transportation should be relatively specific and certain. The Plaintiff offered no testimony as to the amount incurred and introduced no records evidencing the use and expense of public transportation or rental of a vehicle. The Plaintiff also failed to introduce evidence supporting the amount and type of costs he has incurred in the course of this adversary proceeding. A damages award must not be based on mere speculation, guess or conjecture. *Archer v. Macomb County Bank*, 853 F.2d 497, 500 (6th Cir. 1988). The Court cannot award damages based on mere testimony of categories of expenses incurred without specific quantification of same.

The Plaintiff has further requested an award of punitive damages which may be awarded "in appropriate circumstances." 11 U.S.C. §362(k). Generally, punitive damages are awarded for a creditor's willful stay violation only if the creditor's conduct is egregious, vindictive or intentionally malicious. *See In re Bivens*, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004). Here, there is no evidence of the Defendant's bad faith, or that the repossession was the result of anything but the Defendant's mistaken belief that the stay had terminated as to the Vehicle pursuant to §362(h). The Plaintiff is not entitled to punitive damages. 11 U.S.C. §362(k)(2).

Finally, to the extent the Plaintiff's Complaint may be read to request the return of the Vehicle as a remedy available under §362(k), this request is denied. The Vehicle remains property of the estate. Despite the Plaintiff's claimed exemption in the Vehicle, the Plaintiff has no ownership interest independent of the estate that entitles him to possession of the Vehicle until the Vehicle ceases to be property of the estate. *See Farnsworth v. Castro (In re Castro)*, 2009 WL 7809012, *8-9 (9th Cir. B.A.P. Apr. 17, 2009).

**B.     Violation of the Discharge Injunction**

The Plaintiff also pled that the Defendant violated the discharge injunction when it repossessed the Vehicle following the entry of the Plaintiff's discharge on October 20, 2010. The Plaintiff cannot prevail on this count. There is no private cause of action for violation of the

8

discharge injunction. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000). Moreover, a creditor's lien rights survive a bankruptcy discharge. *See Long v. Bullard*, 117 U.S. 617 (1886); *see also Johnson v. Home State Bank*, 501 U.S. 78 (1991). There is no evidence that the Defendant attempted to seek recovery from the Plaintiff personally; the repossession was only an attempt to exercise its *in rem* rights.

**Conclusion**

In conformity with the Court's findings of fact and conclusions of law contained herein, judgment shall be entered in favor of the Plaintiff against the Defendant for a willful violation of the automatic stay pursuant to 11 U.S.C. §362(k), but no damages shall be awarded. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits, and arguments of the parties, regardless of whether or not they are specifically referred to in this decision. A separate order of judgment shall be entered accordingly.


Copies To:

Elizabeth Alphin, Esq.

John Tarter, Esq.

Joseph Lee Baer, *pro se*

9

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Monday, August 22, 2011
(tnw)**